DAVID W. MANSFIELD, and another,

*vs.*

MARTHA E. McGINNISS.

Waldo.    Opinion December 20, 1893.

*Co-tenants.    Disseizin.    R. S., c. 95, § 5.*

An occupation of the common land by one co-tenant openly, notoriously, continuously and exclusively for more than twenty years is not of itself even *prima facie* evidence that the occupation is adverse to the other co-tenants.

For such an occupation to work a disseizin of the other co-tenants they must have been actually ousted or excluded.

ON MOTION.

This was an action on the case in the nature of waste under R. S., c. 95, § 5, to recover three times the damage alleged to have been done by the defendant in cutting wood and lumber on a certain four acre lot described in the plaintiff's declaration. The plaintiffs claimed that they and the defendant are tenants in common of the premises.

The defendant pleaded the general issue and set up title by disseizin in a brief statement of further defense.

The jury returned a verdict for the defendant, and the plaintiffs moved to set it aside because it was against the weight of evidence and against the law.

Other facts are stated in the opinion.

*Jos. Williamson and Son*, for plaintiffs.

*Wm. P. Thompson*, for defendant.

SITTING : PETERS, C. J., WALTON, EMERY, FOSTER, HASKELL, JJ.

EMERY, J.   This is a statute action (R. S., ch. 95, sec. 5) by one tenant in common of an undivided tract of land, against a co-tenant for cutting trees upon the land, without giving previous notice.   The defendant claims to have disseized the plaintiff and thus to have acquired a title to the whole tract by an adverse possession for more than twenty years.

There is a manifest difference in character between the

possession of a stranger and that of a co-tenant. A stranger has no right of possession. His occupation, therefore, would be in itself some evidence of an adverse claim, at least in the absence of any evidence of license. A land owner seeing indications of occupation by a stranger, would be on his guard against the nature of the stranger's claim. A co-tenant on the other hand, has full right of possession of the whole undivided land. His occupation therefore would not be the slightest evidence of any adverse claim. It would be presumed to be in accordance with his right as part owner. A tenant in common seeing indications of occupation by a co-tenant, would have no reason to apprehend a denial of his own equal right.

As between co-tenants, evidence of long-continued, visible, uninterrupted and even exclusive occupation by one co-tenant, is not enough to bar the rights of the other co-tenants. There must be evidence from which an ouster, a putting out and a keeping out, of the other co-tenants, can be inferred.

This was a small tract of land only about four acres in extent. It was unequally divided by a small stream of water, leaving about three quarters of an acre on the east side, and three acres or more on the west side. Neither parcel had been enclosed by fences. The defendant and her predecessors in title had paid the taxes on the whole lot. They had cleared the east side parcel, and taken the grass annually for their own use. The west side parcel, the larger parcel, was covered with a growth of wood and small timber. On this west side, the defendant and her predecessors had cut wood and hoop-poles in small quantities from time to time. They had also occasionally cut small timber and at one time some pump sticks. They did not cut any large quantity at any one time, until the occasion of bringing this suit. This parcel does not appear to adjoin the homestead of the defendant nor to be a part of her farm.

Whatever may be the case as to land on the east side of the stream, the defendant clearly has not shown by the above evidence an ouster of the plaintiff from the west side, where the cutting complained of was done. *Thornton* v. *York Bank*, 45 Maine, 158; *Hudson* v. *Coe*, 79 Maine, 93, 94.

*Motion sustained. New trial granted.*